### ROBINSON v. STORY.  (3 Div. 816.)

Supreme Court of Alabama.  March 22, 1928.

Estoppel ⇒90(2)—Assignee of conditional sales contract and notes could not, as against transferee, claim automobile under equitable assignment, where he consented to transfer.

Assignee of conditional sales contract and notes given for purchase of automobile could not, as against transferee of car, claim the automobile under his equitable assignment, on miscarriage of arrangements for payment as made with original purchaser, transferor, where such assignee had consented to the transfer.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Suit by W. M. Robinson against W. S. Story to enforce an equitable assignment. Decree for defendant, and complainant appeals. Affirmed.

Ball & Ball, of Montgomery, for appellant.

An equitable assignment will be recognized and protected in equity. 5 C. J. 837; Wells v. Cody, 112 Ala. 278, 20 So. 381. Parol and written assignments are of equal validity. Any order, writing, or act which makes an appropriation of a debt or funds amounts to an equitable assignment thereof. 5 C. J. 910; Jefferson County v. Jeffers (Ala. Sup.) 39 So. 228; Hanchey v. Hurley, 129 Ala. 306, 30 So. 742; Lowery v. Peterson, 75 Ala. 109; Planters, etc., v. Tunstall, 72 Ala. 142. Bill in equity may be in the name of the assignee. Moorer v. Moorer, 87 Ala. 546, 6 So. 289; 5 C. J. 998.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The conditional sale contract as recorded showed the Standard Auto Supply Company alone to be interested in same, and appellee had every right to believe that, when the Standard Auto Supply Company stated the account was paid in full, the lien was discharged and Prine had a right to dispose of the car. Federal Land Bank v. Corinth B. & T. Co., 214 Ala. 146, 107 So. 88. Appellant knew Prine wanted to trade the car and paid off the incumbrance against it to allow him to do so. He is estopped from asserting a claim against appellee. Harris v. American Loan Ass'n, 122 Ala. 545, 25 So. 200; Noble v. Moses, 74 Ala. 604; Person v. Thornton, 86 Ala. 308, 5 So. 470; Brown v. First Nat. Bank, 103 Ala. 123, 15 So. 435.

BOULDIN, J. The suit, when begun, was in trover. A judgment in trover was reversed for error in giving the affirmative charge for plaintiff. Story v. Robinson, 211 Ala. 163, 99 So. 917. A statement of the case appears in that decision. The plaintiff claimed title to the Chevrolet car, alleged to have been converted, as assignee of a conditional sale contract and accompanying installment notes, given by S. H. Prine to the Standard Auto Supply Company, the Chevrolet dealer.

On second trial, it appearing that plaintiff held the papers by delivery without written assignment, the trial court held the instruments inadmissible in trover. On motion of plaintiff, the cause was transferred to the equity docket under the statute. Thereafter, the cause proceeded by bill claiming as equitable assignee. Final decree on pleadings and proof went for defendant.

The controlling question is one of fact, viz.: Was the sale or exchange of the Chevrolet car for a Hupmobile made with the knowledge and consent of the plaintiff?

The substance of the plaintiff's testimony in 1923 touching this issue, and introduced by defendant on the final hearing, appears

on page 164 of the former opinion. It tends to show plaintiff, being advised that Prine wanted to exchange this car for the Hupmobile of defendant, Story, and knowing this outstanding incumbrance stood in the way, took up the paper that Prine might trade the car. This goes far enough to corroborate the testimony of Gibbons, then representing Story, that he had informed Prine the deal could not be made until that incumbrance was out of the way; that Prine later produced a showing to that effect, being accompanied at the time by this plaintiff, whereupon the deal was closed, and both parties rode away in the Hupmobile.

That no notice of plaintiff's claim to this car was given for some eighteen months, Prine meanwhile having gone into Mississippi, efforts being made to collect from him, without success, and that the correspondence between plaintiff and Prine, so far as placed in evidence, discloses no question as to the car, no inquiry about it, no charge of wrongful disposition of it, are circumstances corroborative of defendant's version.

The contention of plaintiff advanced in 1927, that he took over the paper to hold at Prine's instance because he was behind on his payments, and about to lose the car, does not square with the fact that he was not in arrears, but had paid all past-due installments. It appears Prine paid cash on the Hupmobile about the same amount he was due to pay the following day on the Chevrolet, and a month later paid another installment due defendant on the purchased car. Prine was a salesman selling paints. It was the summer of 1921. He then failed to meet his outstanding notes on both cars.

Whatever arrangement was made for plaintiff's protection as between himself and Prine, if plaintiff knew and consented that the Chrevolet be traded in on the deal for the Hupmobile, his loss cannot now be visited on Story, notwithstanding such personal arrangement with Prine miscarried.

We must hold the decree of the court below correct.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.